UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:                                                                          CHAPTER 13 PLAN

Harwood, Randy M.                                                Dated:   December 5, 2011
                                                                                  Case No:
        DEBTOR
        In a joint case, "Debtor" means "Debtors" in this plan.

**(1) DEBTOR'S PAYMENTS TO TRUSTEE**

    a.     As of the date of this plan, the Debtor has paid the Trustee $_0___
    b.     After the date of this plan, the Debtor will pay the Trustee $_600__ per month for _60_ months, beginning within 30 days from the date of filing of this plan, for a total of $_36,000___. The minimum plan length is ___36 or _X_ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
    c.     The Debtor will also pay the Trustee _____0_____
    d.     The Debtor will pay the Trustee a total of $_36,000___ [line 1(a) + 1(b) + 1(c)].

**(2) PAYMENTS BY TRUSTEE** – The Trustee will pay from available funds only creditors for which Proofs-of-Claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $_3600__ [line 1(d) x .10]

**(3) ADEQUATE PROTECTION PAYMENTS [ § 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor: | Monthly Payment | Number of months | Total Payments |
|---|---|---|---|
| a._____ | $_____ | _____ | $_____ |
| b._____ | $_____ | _____ | $_____ |
| c. TOTAL |  |  | $_____ |

**(4) EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The Debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in Paragraph 7.

| Creditor: | Description of Property: |
|---|---|
| a. _NONE_____ | _____ |
| b._____ | _____ |

**(5) CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the Debtor will continue to make payments that come due after the date the Petition was filed directly to the creditors. The creditors will retain their liens, if any.

| Creditor: | Description of Claim: |
|---|---|
| a:__ _____ | _____ |
| b:_ _____ | _____ |
| c:_____ | _____ |

**(6) HOME MORTGAGES IN DEFAULT [11 U.S.C. § 1322(b)(5) and § 1322(e)]** – The Trustee will cure defaults on claims secured only by a security interest in real property that is the Debtor's principal residence. The Debtor will pay the payments that come due after the date the Petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates.*** The Trustee will pay the actual amounts of default.

| Creditor: | Amount of Default | Monthly Payment | Beginning in Month | Payments | TOTAL |
|---|---|---|---|---|---|
| a. EMC/Chase Mortgage | $_6,000_____ | $__200_____ | __1____ | __30___ | $_6000_____ |
| b. Affinity Plus Fed. CU | $_1,500_____ | $_100_____ | __1____ | _15__ | $_1500_____ |
| c._____ | $_____ | $_____ | _____ | _____ | $_____ |
| d. TOTAL: |  |  |  |  | $__7500_____ |

**(7) CLAIMS IN DEFAULT [11 U.S.C. § 1322(b)(3) and (5) and § 1323(e)]** – The Trustee will cure defaults on the following claims as set forth below. The Debtor will pay the payments that come due after the date the Petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| Creditor: | Amount of Default | Int. Rate (if applicable) | Monthly Payment | Beginning in Month | Payments | TOTAL |
|---|---|---|---|---|---|---|
| a. NONE | $_____ | ____ | $_____ | ____ | ____ | $_____ |
| b._____ | $_____ | ____ | $_____ | ____ | ____ | $_____ |
| c._____ | $_____ | ____ | $_____ | ____ | ____ | $_____ |
| d. TOTAL | | | | | | $___0___ |

**(8) SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1323(a)(5)]** -- The Trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total payments" column below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the Debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor: | Claim Amount | Int. Rate | Beginning in Month # | (Monthly Payment) x | (Number of Payments) = | Payments on Acct. of Claim + | Adequate Protection = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
| a._____ | $_____ | ____ | ____ | $_____ | ____ | $_____ | $_____ | $_____ |
| b._____ | $_____ | ____ | ____ | $_____ | ____ | $_____ | $_____ | $_____ |
| c._____ | $_____ | ____ | ____ | $_____ | ____ | $_____ | $_____ | $_____ |
| d. TOTAL | | | | | | | | $_____ |

**(9) PRIORITY CLAIMS** – The Trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly payment | Beginning in Month | Payments | TOTAL |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 3000 | $ 250.00 | 1 | 12 | $ 3000 |
| b. Domestic Support | $_____ | $_____ | ____ | ____ | $_____ |
| c. IRS | $ 17,000 | $ pro-rata | 1 | ____ | $ 17,000 |
| d. MN Dept. of Revenue | $ 4200 | $ pro-rata | 1 | ____ | $ 4200 |
| e. _____ | $_____ | $_____ | ____ | ____ | $_____ |
| f. TOTAL | | | | | $ 24,200 |

**(10) SEPARATE CLASS OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in Paragraph 11, there shall be separate classes of non-priority unsecured creditors described as follows: ___NONE___. The Trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor: | Amount of Default | Int. Rate (if applicable) | Monthly Payment | Beginning in Month | Payments | TOTAL |
|---|---|---|---|---|---|---|
| a._____ | $_____ | ____ | $_____ | ____ | ____ | $_____ |
| b._____ | $_____ | ____ | $_____ | ____ | ____ | $_____ |
| c. TOTAL | | | | | | $___0___ |

**(11) TIMELY FILED UNSECURED CREDITORS** – The Trustee will pay holders of non-priority unsecured claims for which proofs-of-claim were timely filed the balance of all payments received by the Trustee and not paid under Paragraphs 2, 3, 6, 7, 8, 9 and 10 their pro-rata share of approximately $ 700 [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].

    a.      The Debtor estimates that the total unsecured claims held by creditors listed in Paragraph 8 are $ 0
    b.      The Debtor estimates that the total unsecured claims (excluding those in Paragraphs 8 and 10) are $ 57,000
    c.      Total estimated unsecured claims are as follows: $ 57,000 [line 11(a) + line 11(b)]

**(12) TARDILY FILED UNSECURED CREDITORS** – All money paid by the Debtor to the Trustee under Paragraph 1 but not distributed by the Trustee under Paragraphs 2, 3, 6, 7, 8, 9, 10 or 11 will be paid to holders of nonpriority unsecured claims for which proofs-of-claim were tardily filed.

**(13) OTHER PROVISIONS** -- The Trustee may distribute additional sums not expressly provided for herein at the Trustee's discretion.

Debtor pledges all disposable income for the duration of the plan. Debtor is required to submit a copy of his taxes to the Trustee every year after filing with the taxing authorities

The debtor shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $1,200 plus any earned income credit (EIC) every year. Additional tax refunds over this amount are considered disposable income for purposes of this plan and shall be turned over to the Chapter 13 trustee as additional plan payments.

Pursuant to 11 U.S.C. § 1305 the IRS and MN DEPT OF REV shall be allowed to file, and the trustee shall pay, post-petition claims for tax year 2011.

Debtor intends to make up the arrearage and make ongoing payments on the Home Equity Line of Credit on the homestead with Affinity Plus Credit Union as the homestead is not cross-collateralized with the other unsecured loans and this is provided for in Paragraph Six.

**(14) SUMMARY OF PAYMENTS --**

| | |
|---|---|
| Trustee's Fee [line 2] | $ 3600 |
| Home Mortgage Defaults [Line 6(d)] | $ 7500 |
| Claims in Default [Line 7(d)] | $ 0 |
| Other Secured Claims [Line 8(d)] | $ |
| Priority Claims [Line 9(f)] | $ 24200 |
| Separate Classes [Line 10(c)] | $ 0 |
| Unsecured Creditors [Line 11] | $ 700 |
| **TOTAL [must equal line 1(d)]:** | $ 36,000 |

Attorney for Debtors:

John B. Schulte (MN Atty # 027060X)                                  Signed:  /e/ Randy M. Harwood_____
Law Office of John B. Schulte                                                        Debtor
509 Board of Trade Building
301 West First Street
Duluth, MN 55802                                                                  Signed: _____
(218) 727-1905                                                                                Debtor (if joint case)
johnbschulte@gmail.com